UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **THOMAS SYPNIEWSKI, JR., et al.,** | : | |
| | : | **Civil Action No. 01-3061 (MLC)** |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **WARREN HILLS REGIONAL** | : | |
| **BOARD OF EDUCATION, et al.,** | : | |
| | : | **ORDER** |
| Defendants. | : | |
| | : | |

This matter having been opened to the Court upon Motion by Susanna J. Morris, Esq., attorney for General Star Indemnity Company ("General Star") seeking leave to intervene in the above captioned matter pursuant to Fed.R.Civ.P. 24 in order to protect General Star's interests with respect to any coverage dispute which might arise between General Star and its insured, Defendant Warren Hills Regional Board of Education ("Warren Hills"); and General Star arguing that due to the exclusions contained in the General Star policy, serious coverage questions exist, which might limit or deny coverage for Plaintiffs' claims in this matter (*see* General Star's School Board Legal Liability Policy at §VIII. Exclusions, ¶¶ 2, 8, 11, 14 & 21); and General Star further arguing that the New Jersey Supreme Court has approved the practice of an insurer participating in a liability trial with respect to jury questions so as to distinguish between covered and uncovered claims; and General Star further arguing that it is seeking to intervene for the limited purpose of participating in the trial with respect to any coverage questions which may arise and to proffer special interrogatories to the jury so as to permit General Star and its insureds to discover the basis and reasons for any damage awards; and General Star further arguing that if

permitted to intervene, its involvement in the trial would not even be disclosed to the jury since its counsel will only be involved in conferences with the Court, including the charge conference; and General Star further arguing that FED.R.CIV.P. 24(b)(2) allows for permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common;" and General Star further arguing that as evidenced by the reservation of rights letter sent to Warren Hills and by Mr. Zaiter's Certification, serious coverage questions exist with regard to a number of Plaintiffs' claims and, as such, General Star's future defense of these disputed coverage issues has questions of fact in common with the main action; and General Star further arguing that as required in cases where permissive intervention is sought, there is an independent basis for jurisdiction here as the amount in controversy exceeds the sum of $75,000 and General Star is incorporated in the State of Delaware and domiciled in Stanford, Connecticut; and General Star further arguing that given the above stated facts, the requirements of diversity jurisdiction are met; and General Star further arguing that Broscious & Fischer, P.C., the law firm General Star retained to defend Warren Hills, cannot protect General Star's interests because said law firm owes Warren Hills a duty of loyalty and therefore is not in a position to propose special interrogatories to the jury that seek to identify the basis for any damages awarded; and General Star further arguing that should it be permitted to intervene for the purposes described above, Warren Hills should not be allowed to assert a cross-claim against General Star as through its proposed intervention, General Star is not attempting to litigate any coverage issues that may arise, but rather is simply trying to ascertain the basis for any damages awarded to Plaintiffs; and Warren Hills having opposed this Motion; and Warren Hills arguing that General Star is not entitled to intervention of right as General Star does not meet the requirements of FED.R.CIV.P.

24(a)(1) or 24(a)(2); and Warren Hills further arguing that intervention of right is also inappropriate because General Star's application to intervene is untimely as it was made nearly four years after Plaintiffs filed this litigation and at the conclusion of all discovery and dispositive motions, because General Star's interest in the outcome of this matter is adequately represented by Broscious & Fischer, P.C., and because General Star has failed to demonstrate how a disposition in the main action will impair or impede General Star's ability to protect its interest; and Warren Hills further arguing that General Star is not entitled to permissive intervention under FED.R.CIV.P. 24(b)(2) as General Star's Motion does not have a claim or defense that has a question of law or fact in common with the main action; and Warren Hills further arguing that while the main action in this case involves constitutional challenges brought by Plaintiffs against Warren Hills challenging Warren Hills harassment and dress code policy both on its face and as applied to Plaintiffs, General Star's claim is one of contract interpretation involving coverage issues, and, as such there is no commonality between the main action and General Star's facts or defenses; and Warren Hills further arguing that because permissive intervention is implicated, General Star would have to demonstrate separate jurisdictional grounds for what is clearly a state action before it is allowed to intervene; and the Plaintiffs having responded to General Star's Motion; and the Plaintiffs arguing that General Star should be permitted to intervene in this matter as having all parties before the Court will allow the Federal Rules' objectives to be achieved, including FED.R.CIV.P. 1's objective of reaching a "just, speedy, and inexpensive determination [in] every action;" and the Plaintiffs further arguing that General Star, if permitted to intervene, should be subject to Defendants' cross-claim; and the Court finding that pursuant to FED.R.CIV.P. 24(b)(2), "[u]pon timely application anyone may be permitted to intervene in an action… when

an applicant's claim or defense and the main action have a question of law or fact in common;" and the Court finding that whether to grant permissive intervention under FED.R.CIV.P. 24(b)(2) is a decision that lies within its sound discretion (*see Brody v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992)); and the Court further finding that given the coverage issues, General Star's defense has questions of fact in common with the main action *(see Fidelity Bankers Life Insurance Company v. Wedco, Inc.*, 102 F.R.D. 41, 44 (D. Nev. 1984)); and the Court further finding that given the limited purpose for which General Star seeks to intervene, allowing intervention will not unduly delay the adjudication of this matter, nor will it unduly prejudice the rights of Warren Hills as the jury will not know of General Star's participation in the trial and the special interrogatories proffered by General Star will not necessarily be submitted to the jury (*see id.; see also Plough, Inc. V. International Flavors and Fragrances, Inc.* 96 F.R.D. 136, 137 (W.D. Tenn. 1982)); and the Court further finding that there is an independent basis for jurisdiction over the proposed intervention, as General Star appears to meet the requirements of diversity jurisdiction; and the Court further finding that the possibility of avoiding relitigation of the same issues weighs strongly in favor of permitting intervention; and the Court having considered this matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

IT IS on this 9th day of June, 2005,

ORDERED that General Star's Motion to Intervene is GRANTED.

                                                      **s/ Tonianne J. Bongiovanni**
                                                     **HONORABLE TONIANNE J. BONGIOVANNI**
                                                     **UNITED STATES MAGISTRATE JUDGE**