NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

THOMAS SYPNIEWSKI, JR., et al.,

        Plaintiffs,

  v.

WARREN HILLS REGIONAL BOARD
OF EDUCATION, et al.,

        Defendants.

CIVIL NO. 01-3061 (TJB)

**OPINION AND ORDER**

**BONGIOVANNI, United States Magistrate Judge**

      This matter comes before the Court upon Motion by Plaintiffs Thomas Sypniewski, Jr., Matthew Sypniewski and Brian Sypniewski (hereinafter "Plaintiffs") for the Voluntary Dismissal with prejudice of Counts I, II, III and IV of Plaintiffs' Amended Complaint to the extent that each seeks an award of damages to Plaintiffs, as well as Counts V and VI in their entirety and for the Voluntary Dismissal without prejudice of Counts III and IV of Plaintiffs' Amended Complaint to the extent that they seek declarations and permanent injunctions regarding the constitutionality under the United States and New Jersey Constitutions of Defendants' Dress Code and Harassment Policy [Docket Entry #82]. Defendants Warren Hills Regional Board of Education, Superintendent of Warren Hills Regional Board of Education Peter Merluzzi, Principal of Warren Hills Regional High School Beth Godett, Vice Principals of Warren Hills Regional High School Ronald Griffith and Phillip Chalupa, and members of the Warren Hills Regional Board of Education Elizabeth Ames, Marcy Matlosz, Ray Busch, Suyling Heurich, James T. Momary, Nancy Fallen, William Miller, Bradley Breslin and Scott Schantzenbach (hereinafter

"Defendants") oppose the dismissal of Counts I though IV of Plaintiffs' Amended Complaint to the extent those Counts allege damages resulting from United States and New Jersey Constitutional violations by Defendants.  Defendants do not oppose dismissal of Plaintiffs' claims for declaratory or injunctive relief.  Defendants additionally do not oppose dismissal of Counts V and VI in their entirety.  For the reasons given below, Plaintiffs' Motion to Dismiss will be granted.

I.      PROCEDURAL HISTORY

Plaintiffs filed the instant action on June 25, 2001.  Plaintiffs amended their Complaint on May 2, 2002.  The construct of Plaintiffs' Amended Complaint is as follows: Count I - (i) declaration that the Dress Code is unconstitutional; (ii) preliminary and permanent enjoinment against Defendants from enforcing Dress Code; (iii) requiring Defendants to rescind Plaintiff Thomas Sypniewski's suspension from school and the removal of suspension from record; and (iv) damages and attorneys' fees - Count II - (i) declaration that the Harassment Policy is unconstitutional; (ii) preliminary and permanent enjoinment against Defendants from enforcing Harassment Policy; (iii) requiring Defendants to rescind Plaintiff Thomas Sypniewski's suspension from school and the removal of suspension from record; and (iv) damages and attorneys' fees - Count III - (i) declaration that the Dress Code and Harassment Policy are federally unconstitutional as applies to Plaintiffs' T-shirt; (ii) preliminary and permanent enjoinment against Defendants from enforcing Dress Code and Harassment Policy as against Plaintiffs' T-shirt; (iii) requiring Defendants to rescind Plaintiff Thomas Sypniewski's suspension from school and the removal of suspension from record; and (iv) damages and attorneys' fees - Count IV - (i) declaration that the Dress Code and Harassment Policy violate the

New Jersey Constitution; (ii) preliminary and permanent enjoinment against Defendants from enforcing Dress Code and Harassment Policy; (iii) requiring Defendants to rescind Plaintiff Thomas Sypniewski's suspension from school and the removal of suspension from record; and (iv) damages and attorneys' fees - Count V - defamation - Count VI - false light/invasion of privacy.

On September 7, 2001, the District Court denied Plaintiffs' request for preliminary injunctive relief.  Plaintiff appealed and a stay of discovery was entered in the district court.  On October 3, 2002, the Third Circuit Court of Appeals reversed in part and held that Plaintiffs were entitled to preliminary injunctive relief and that the portion of Defendants' Harassment and Dress Policy prohibiting the possession of materials which created "ill will" was overbroad. (See Sypniewski v. Warren Hills Regional Board of Eduction, 307 F.3d 243 (3d Cir. 2002). Defendants' subsequently altered their Dress Code and Harassment Policy in conformance with the findings of the Third Circuit and preliminary injunctive relief was issued.  The preliminary injunction and the alteration of Defendants' Harassment and Dress Policy remain in force today.

On April 8, 2003, Plaintiff petitioned for a writ of certiorari from the United States Supreme Court.  The petition was denied on June 4, 2003.

A discovery schedule was entered by this Court.  On October 5, 2004, Plaintiff moved for partial summary judgment.  On February 7, 2005, the Honorable Mary L. Cooper, U.S.D.J., entered an Order granting in part and denying in part the Motion for Summary Judgment.

On September 23, 2005, the District Court approved the parties' motion to consent to Magistrate Judge's jurisdiction pursuant to 28 U.S.C. § 636(c) and FED.R.CIV.P. 73.  On November 4, 2005, Plaintiffs' filed the instant Motion to Dismiss.  Responding to the Motion to

Dismiss, this Court conducted a telephonic conference call on January 11, 2006. Supplemental briefing was requested by this Court and thereafter received.[1]

## II.   PLAINTIFFS' MOTION

Plaintiffs' move to dismiss without prejudice for mootness Counts III and IV of the Amended Complaint to the extent that they seek declarations that the Dress Code and Harassment Policy are unconstitutional under the United States Constitution (Count III) and New Jersey Constitution (Count IV) and invalid as applied to Plaintiffs' T-shirt, and to the extent that they seek a permanent injunction preventing Defendants from enforcing the Dress Code and Harassment Policy against Plaintiffs' T-shirt.

Plaintiffs' argue that at the time they commenced the instant civil action, each had standing as they then faced a real and immediate threat that they would be subjected to Defendants' allegedly unconstitutional practice. However, Plaintiffs' assert, all have graduated from Defendants' school system, and are no longer in danger of being subjected to said practice. Plaintiffs' argue that as such, that they are required to advise the Court that they no longer have standing to seek any permanent injunctions or declarations against denying Plaintiffs' rights to wear certain articles of clothing.

Plaintiffs additionally move to dismiss with prejudice pursuant to FED.R.CIV.P. 41(a)(2) Counts I, II, III, and IV to the extent that each seeks an award of damages to Plaintiffs, as well as Counts V and VI, which seeks defamation and false light damages resulting from Defendants' alleged conduct. Here, Plaintiffs' argue that at the time this civil action commenced, Plaintiff

---

[1] The underlying facts supporting Plaintiffs' allegations have been thoroughly documented throughout the course of this litigation, with a full summary available in the Third Circuit's Opinion regarding this case. Because the facts do not serve to assist in the current motion, and because this Court writes only for the parties, a Statement of Facts will not be included.

Thomas Sypniewski believed that he had been damaged by Defendants' alleged conduct. But now, Plaintiff Thomas Sypniewski's life has "moved on" and he has been able to "overcome much of the effect of the Defendants' conduct and libel, reducing his provable damages [and as such] no longer believes that pursuing this matter would warrant the cost and time of trial, further pretrial proceedings, and likely appeal." (Pltf.'s Brief, p. 2.)[2]

### III. DEFENDANTS' OPPOSITION

Defendants' state that they do not oppose the dismissal of Counts V and VI of Plaintiffs' Amended Complaint which allege defamation and false light, or the portions of Counts I through IV of Plaintiffs' Amended Complaint which request declaratory judgment and/or injunctive relief. Defendants' submit, however, that they do object to the dismissal of Counts I through IV of Plaintiffs' Amended Complaint to the extent that they allege damages resulting from Defendants' alleged violations of the federal and state constitutional rights of Plaintiff Thomas Sypniewski.

Specifically, Defendants' argue that existing case law which interprets FED.R.CIV.P. 41(a)(2) requires a court to consider FED.R.CIV.P. 41(a)(1) and determine whether a voluntary dismissal of a claim or claims would substantially prejudice a defendant. If such a dismissal would prejudice a defendant, then a court may refuse to grant dismissal. Defendants' argue that they have expended significant time and financial resources in defense of Plaintiffs' suit. Additionally, Defendants' argue that they seek a formal determination by a jury as to whether

---

[2] This Court agrees with Plaintiffs' assertion that to grant Plaintiffs' Motion in its entirety would end the litigation. Plaintiffs' believe, however, that they would retain the right to seek attorney's fees after the dismissal of their Amended Complaint. The Court will not determine at this time whether attorneys' fees can be sought after a complaint is dismissed. The Court will, however, permit Plaintiffs to raise the issue of attorneys' fees which shall be brought before this Court no later than sixty days from the date of this opinion.

Plaintiff Thomas Sypniewski's constitutional rights were violated.  Defendants seek vindication and therefore assert that a dismissal of the applicable Counts of Plaintiffs' Amended Complaint regarding the alleged violation of Plaintiff Thomas Sypniewski's federal and state constitutional rights would result in substantial prejudice.[3]

### IV.   COURT'S ANALYSIS

The sole issue before this Court, pursuant to Its authority pursuant to 28 U.S.C. § 636(c) and FED.R.CIV.P. 73, is whether Plaintiffs' damages claims for alleged violations of Plaintiff Thomas Sypniewski's federal and state constitutional rights can be voluntarily dismissed under FED.R.CIV.P. 41(a)(2).[4]

FED.R.CIV.P. 41(a)(2) provides, in relevant part: " . . . an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the

---

[3]  This Court rejects the arguments set forth in Point I of Defendants' opposition brief as it incorrectly asserts that Plaintiffs' seek to dismiss as moot their causes of action for damages arising from the alleged violations of constitutional rights.  A careful reading of Plaintiffs' moving papers reveals what this Court has already summarized, which is that Plaintiffs seek to dismiss as moot the claims involving permanent injunctions and declaratory judgments (to which Defendants' expressly consent).  Plaintiffs seek to dismiss claims for damages arising from the alleged violations of constitutional rights pursuant to F.R.Civ.P. 41(a)(2), not for mootness.  Additionally, this Court rejects Defendants' arguments regarding Plaintiffs' alleged bad faith prosecution as the facts support that the youngest Plaintiff graduated from Defendants' school system in May of 2005, not June of 2001, as Defendants' assert.  Furthermore, this Court does not view any parties' utilization of any of the rules of civil procedure, including motions for summary judgment or interim attorneys' fees, as efforts conducted in bad faith.

[4]  As previously noted, Defendants' consent to the dismissal as moot of Plaintiffs' claims for declaratory or injunctive relief and for the dismissal of Counts V and VI in their entirety, and the Court shall so order.  See Sullivan v. State of N.J. Div. of Gaming Enforcement, 602 F.Supp. 1216, 1220 (D.N.J. 1985) (holding that where no parties object, a court should allow the dismissal sought).  However, in the interest of protection for Defendants, this Court shall impose a covenant not to sue regarding all dismissals granted without prejudice.  See Cross Westchester Dev. Corp. v. Chiulli, 887 F.2d 431, 432 (2d Cir. 1989) ("the purpose of authorizing terms and conditions on a voluntary dismissal is to protect the defendant from prejudice").

court deems proper."

The determination of whether to grant a motion for voluntary dismissal "rests within the discretion of the district court." See Genty v. Township of Gloucester, 736 F.Supp. 1322, 1326 (D.N.J. 1990) (*citing* Johnston Development Group, Inc. v. Carpenters Local 1578, 728 F.Supp. 1142, 1146 (D.N.J. 1990); see also 8 Moore's Federal Practice, § 41.40[2] at p. 41-128.

Numerous courts, including courts within the Third Circuit, have held that a court lacks the discretion to deny a motion under FED.R.CIV.P. 41(a)(2) when the plaintiff requests that the dismissal be made with prejudice. Gilbreth Int'l Corp. v. Lionel Leisure, Inc., 587 F.Supp. 605, 614 (E.D.Pa. 1983); John Evans Sons, Inc. v. Mahik-Ironers, Inc., 95 F.R.D. 186, 190 (E.D.Pa. 1982; Sheridan v. Fox, 531 F.Supp. 151, 155 (E.D.Pa. 1982); 8 Moore's Federal Practice, § 41.40[3] at p. 41-132.

A motion for voluntary dismissal without prejudice should also be granted absent an assertion by the defendant of substantial prejudice. Factors commonly considered by courts in weighing prejudice include: (1) the extent to which the suit has progressed; (2) the plaintiff's diligence in prosecuting the action or in bringing the motion; (3) the duplicative expense of relitigation; and (4) the adequacy of plaintiff's explanation for the need to dismiss. See 8 Moore's Federal Practice, § 41.40[6] at p. 41-141.

Defendants' contend that they would suffer substantial prejudice should the damages claims of Plaintiffs' Amended Complaint be dismissed. Defendants' assert their desire to litigate the allegations of unconstitutionality and reference the length of the litigation and the time expended as well as the costs the Defendants have incurred. However, Defendants provide no law in support of their position and, notably, do not assert the "capable of repetition but evading

review" defense to Plaintiffs' allegations of mootness. Perhaps Defendants have not suffered further litigation regarding said policy and/or code[5] because the Dress Code and Harassment Policy has been modified in accordance with the Third Circuit's directive.

This Court concurs with the holdings of courts before and finds that a motion for voluntary dismissal with prejudice eliminates Its discretion to deny such a motion. Indeed, to deny such a request may constitute an abuse of discretion. Sheridan v. Fox, 531 F.Supp. 151, 155 (E.D.Pa. 1982). Since the Defendants fail to meet its burden of convincing this Court that it would suffer substantial prejudice, this Court also expressly finds that had Plaintiffs moved to dismiss all counts without prejudice, It would nevertheless grant the motion.

This Court is mindful of the age of the litigation as well as the undoubtedly high costs of defending against Plaintiffs' civil action. However, Plaintiffs' reasoning for dismissal is sound. Plaintiffs' no longer are within the Defendants' school system. They have moved on with their lives, and no longer need to keep the litigation alive. To make them do so would subject Plaintiffs to additional costs and time for a litigation they no longer want or need. Plaintiffs appreciate that damages at this point are nominal at best, and the costs of further litigation would far outweigh any recovery they could hope to receive. Further, Plaintiffs' Motion to Dismiss is timely. The prospect of mootness could not be contemplated until all Plaintiffs' were no longer able to be subjected to potentially unconstitutional conditions. That prospect became viable in May of 2005, years into the litigation process. Additionally, there is no risk of duplicative re-litigation since a dismissal with prejudice precludes a revival of litigation of those counts by Plaintiffs and the dismissals without prejudice are conditioned upon a covenant not to sue.

---

[5] As revealed by Defendants' during the telephonic conference call conducted by this Court on January 11, 2006.

Finally, it is clear that Plaintiffs' civil action was not capricious, and although that consideration is not listed among the general factors set forth from previous judicial decisions, it nevertheless contributes to this Court's determination. Had the litigation been considered frivolous by the District Court or the Third Circuit Court of Appeals, this Court would give greater weight to the costs and time expended by Defendants.

## V.   CONCLUSION AND ORDER

For the foregoing reasons, this Court finds that Plaintiffs' Voluntary Motion to Dismiss is GRANTED. Therefore, it is on this 25th day of January, 2006,

ORDERED that Plaintiffs' Motion to Dismiss without prejudice Counts III and IV in their entirety (absent damages) for mootness is GRANTED with the condition that Plaintiff's shall be bound by a covenant not to sue; and it is further

ORDERED that Plaintiff's Motion to Dismiss with prejudice pursuant to FED.R.CIV.P. 41(a)(2) Counts I, II, III, and IV to the extent that each seeks an award of damages to Plaintiffs, as well as Counts V and VI, which seeks defamation and false light damages resulting from Defendants' alleged conduct is GRANTED; and it is further

ORDERED that this Civil Action is therefore terminated; and it is further

ORDERED that Plaintiffs, if they so desire, shall make a Motion for Attorneys' Fees no later than sixty days from the date of this opinion.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**